UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JERRY MCCLAIN

      Defendant.

_____/

Case No. 25-CR-20735

F. Kay Behm
United States District Judge

**ORDER DENYING RENEWED MOTION FOR A *FRANKS* HEARING
AND FOR SUPPRESSION OF EVIDENCE (ECF No. 30)**

## I.    PROCEDURAL HISTORY

On February 26, 2026, the court denied Defendant's motion to suppress
and for a *Franks* hearing, after hearing oral argument on Defendant's motion.
(ECF No. 26).  On May 18, 2026, via new counsel,[1] Defendant filed a
"renewed" motion for a *Franks* hearing and for suppression of evidence.  (ECF
No. 30).  The government filed a limited response on June 2, 2026, noting that
the motion appeared to be a motion for reconsideration, to which responses
are not permitted under ED Mich. LR 7.1(h)(3), unless otherwise ordered by

---

[1]  New counsel was substituted on March 24, 2026.  (ECF No. 28).

1

the court.  (ECF No. 31).  For the reasons set forth below, the court **DENIES** Defendant's motion.

## II.    ANALYSIS

As one court observed, "[t]here is no provision in the Federal Criminal Rules for 'renewed' motions."  *United States v. Raheja*, No. 1:19-CR-559, 2022 WL 138082, at *9 (N.D. Ohio Jan. 14, 2022).  The court, therefore, construes Defendant's motion as one for reconsideration, to which ED Mich. Local Rule 7.1(h) applies.  Local Rule 7.1(h)(2) applies to non-final orders and first notes that such motions are disfavored.  Importantly, motions for reconsideration must be filed within 14 days after entry of the order and may be brought only on specific and limited grounds.  *Id*.

As noted above, the court issued its Opinion and Order on Defendant's original motion to suppress and for a *Franks* hearing on February 26, 2026, but Defendant did not file his motion for reconsideration until May 18, 2026, nearly three months later.[2]  Thus, the renewed motion is denied as an untimely motion for reconsideration.  *United States v. MacLloyd*, No. 08-20289, 2021 WL 5834314, at *1 (E.D. Mich. Dec. 9, 2021), aff'd, No. 21-1834,

---

[2] While new counsel entered the case after the deadline for filing a reconsideration motion expired, there is no reason that prior counsel could not have filed a timely motion for reconsideration.

2022 WL 18144100 (6th Cir. Aug. 2, 2022) (Renewed motion is essentially an untimely motion for reconsideration.).

Even if the court were to consider the merits of Defendant's motion for reconsideration, he has failed to identify any grounds listed in Local Rule 7.1(h)(2) as a basis for his motion.  Local Rule 7.1(h)(2) provides specific and narrow grounds on which the court may reconsider its non-final orders.  Motions for reconsideration may only be brought on three limited grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).  Defendant does not identify how the court made a mistake, any intervening change in controlling law, or any new facts to warrant a different outcome.  Accordingly, the motion must be denied because Defendant has failed to satisfy any of the requirements set forth in Local Rule 7.1(h)(2).  Additionally, "[a] motion for reconsideration is not

3

intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018); *see also Bills v. Klee*, No. 15-CV-11414, 2022 WL 447060, at *1 (E.D. Mich. Feb. 14, 2022) (quoting *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (A motion for reconsideration is "not an opportunity to re-argue a case" and/or "to raise [new] arguments which could, and should, have been made" earlier.). Here, Defendant's motion is merely a rehash of arguments already considered and rejected by the court or asserts arguments that could have and should have been made in the first instance. For all these reasons, Defendant's motion for reconsideration is denied.

## III.    CONCLUSION

For the reasons set forth above, Defendant's renewed motion for a *Franks* hearing and to suppress evidence is **DENIED**.

**SO ORDERED**.

Date: July 16, 2026            s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge

4